UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

*In re:*

SHANNON L. AKEY,

Case No. 13-31227
Chapter 13 Case

Debtor.

## OBJECTION TO CONFIRMATION
## OF CHAPTER 13 PLANS

The County of Oswego (the "**County**") by and through its attorneys, Hancock Estabrook,

LLP (R. John Clark, Esq., of counsel), hereby objects to confirmation of the captioned Debtor's

proposed Chapter 13 Plans and represents to the Court as follows:

1.      This case was commenced by the filing of a Voluntary Petition under Title 11

U.S.C. Chapter 13 on July 11, 2013 (the "**Petition Date**").

2.      On the Petition Date, the Debtor was indebted to the County for unpaid real

property taxes in the approximate sum of $5,788.00.

## BACKGROUND

3.      Prior to the Petition Date, the Debtor owned certain real property known as 56

Salina Street, Village of Lacona, County of Oswego, New York (the "**Property**").

4.      On or about February 28, 2012, the Debtor received a tax delinquency notice from

the Oswego County Treasurer's Office (also, the "**County**") regarding past-due taxes on the

Property.  A copy of the delinquency notice is annexed hereto and made a part hereof at <u>Exhibit</u>

<u>"A"</u>.

5.      Thereafter, the County gave the Debtor due notice of the commencement of a tax enforcement action by Tax Enforcement Notification dated October 1, 2012.  A copy of the Tax Enforcement Notification is annexed hereto and made a part hereof at Exhibit "B".

6.      In addition, on October 1, 2012, the County commenced a tax foreclosure proceeding concerning the Property.  A copy of the Notice of Petition of Foreclosure is annexed hereto and made a part hereof at Exhibit "C".

7.      No response was received from the Debtor regarding the tax enforcement proceeding and on March 21, 2013, final judgment in the tax foreclosure was entered.  A copy of the Final Judgment is annexed hereto and made a part hereof at Exhibit "D".

8.      In connection with the Final Judgment, on or about March 21, 2013, pursuant to the Final Judgment, title to the Property was conveyed to the County (the "**Property Conveyance**").  A copy of the deed evidencing the Property Conveyance is annexed hereto and made a part hereof at Exhibit "E".

9.      Thereafter, on or about April 23, 2013, the County sent a further notice to the Debtor advising that the final date for the Debtor to buy back the Property from the County was June 13, 2013 (the "**Initial Buyback Notice**").  A copy of the Initial Buyback Notice is annexed hereto and made a part hereof at Exhibit "F".

10.      Thereafter, on or about May 2, 2013, the County sent another notice to the Debtor advising that the final date for the Debtor to buy back the Property from the County was June 13, 2013 (the "**Second Buyback Notice**").  A copy of the Initial Buyback Notice is annexed hereto and made a part hereof at Exhibit "G".

11.      Thereafter, on or about May 30, 2013, the County mailed to the Debtor the final notice concerning the Debtor's opportunity to buy back the Property from the County (the "**Final**

**Buyback Notice**").  A copy of the Final Buyback Notice is annexed hereto and made a part hereof at Exhibit "H".

12.    The Debtor failed to buy back the Property from the County by the Final Buyback Notice deadline of June 13, 2013.

13.    Upon information and belief, the Debtor filed two (2) separate Chapter 13 Plans on the Petition Date (the "**Plans**") (*See* Docket Entries 2 and 4).

14.    On or about July 11, 2013, this case was commenced.  On or about July 13, 2013, the County sold the Property to an arms' length third party purchaser at an auction held on said date.

15.    Upon information and belief, in connection with this proceeding the Debtor seeks to retain or re-acquire the Property, but has no interest therein or basis to do so.

16.    The Debtor cannot confirm a Chapter 13 Plan which proposes to treat property in which the Debtor has no interest.

17.    Upon information and belief, the Property is not the Debtor's principal residence and consists of a vacant subdivided parcel that is adjacent to 50 Salina Street, Lacona, New York, which, upon information and belief, is the Debtor's principal residence.

18.    Based upon the foregoing, confirmation of the Debtor's Plans should be denied to the extent either Plan seeks to re-convey some interest in the Property to the Debtor or reinstate the Debtor's interest therein.

**WHEREFORE**, the County of Oswego respectfully requests that the Court enter an

Order denying confirmation of both of the Debtor's proposed Chapter 13 Plans, and for such

other and further relief as may be just and proper.

HANCOCK ESTABROOK, LLP

DATED: September 9, 2013          By:

R. John Clark, Esq. – Bar Roll No. 101359
*Attorneys for the County of Oswego*
1500 AXA Tower I, 100 Madison Street
Syracuse, New York  13202
Telephone:  (315) 565-4500
Facsimile:  (315) 565-4600