| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>NORTHERN DISTRICT OF NEW YORK | HEARING DATE: April 15, 2014<br>HEARING TIME: 2:00 P.M.<br>HEARING PLACE: Syracuse |

**IN RE:  SHANNON L. AKEY,**
     (SSN xxx-xx-3882)

Case No. **13-31227**

               Debtor.

CHAPTER 13

## OBJECTION TO CONFIRMATION

The Trustee objects to confirmation of the amended plan filed April 3, 2014 [#27], in the above named Debtor's case for the following reasons:

**I.  DELINQUENT**

The Debtor is $10,127.00 in arrears through April 2014, due to the retroactive increase in plan payments from $350.00 in the original plan to $1,267.00 in the amended plan during the first seven months of the plan term.  In addition, payments should have increased to $2,029.00 in March 2014 ($1,112.00 under the original plan), but Debtor did not increase payments.  The last payment received by the Trustee was on March 20, 2014 in the amount of $350.00.  Due to the Debtor's delinquency, the Trustee cannot recommend confirmation of the plan pursuant to 11 U.S.C. §1325(a)(6).

**II.  FEASIBILITY**

The amended plan is not adequately funded due in part to three secured proofs of claim which are not provided for in the amended plan.  In addition, the amended plan requires a minimum of $42,177.22 be provided for unsecured creditors as a requirement for completion of the plan.

### III. UNDISCLOSED CORPORATION

Two of the above-referenced secured claims are for vehicles which appear to be owned by "Akey's Curb Appeal Enterprises." According to the web site of the New York Department of State, Akey's Curb Appeal Enterprises, Inc., is an active corporation of which Debtor is the Chief Executive Officer. However, the corporation is not disclosed in Debtor's petition.

### IV. FAILURE TO PROVIDE REQUIRED DOCUMENTS

Upon information and belief, the documents requested by the Trustee prior to the Section 341 meeting have not been provided, including copies of Debtor's 2012 income tax returns for which Debtor had received an extension. In addition, copies of Debtor's 2013 income tax returns were requested by letter dated January 28, 2014.

### V. COMMITMENT PERIOD

In the amended Form 22C filed April 3, 2014, Debtor has claimed a $1,014.00 deduction for paycheck deductions on line 13a which does not appear to be an appropriate deduction. If that deduction is removed, the Debtor's household income will be over median and the plan will be required to have an applicable commitment period of five years.

WHEREFORE, the Trustee respectfully requests that Confirmation be denied and for such further relief as the Court deems appropriate.

Dated:  April 8, 2014  
        Syracuse, New York

*/s/ Lynn Harper Wilson*  
Lynn Harper Wilson, Staff Attorney  
Office of the Standing Chapter 13 Trustee  
Bar Roll # 509576  
250 S. Clinton Street, Suite 203  
Syracuse, New York  13202  
Telephone:  (315) 471-1499  
Email:  lhwilson@cnytrustee.com