# LAW OFFICES OF A. SHELDON GOULD

*447 E. Washington Street*  
*Syracuse, NY 13202*

POST OFFICE BOX 11169  
SYRACUSE, NEW YORK 13218  
TELEPHONE:    (315) 478-3186  
FAX:    (315) 478-4352

April 16, 2014

Hon. Margaret Cangilos-Ruiz  
United States Bankruptcy Court  
100 South Clinton Street, Rm 315  
PO Box 7008  
Syracuse, NY 13202

      Re:    Shannon L. Akey  
               Chapter 13 Case No. 13-31227

Dear Judge Cangilos-Ruiz

I am writing this letter in response to the April 14th letter written to you by Ms. Harper-Wilson, Esq. about the above case and a disagreement we are having over the use of the marital deductions on Lines 13 and 19 of Form 22-C.

In this case only Shannon L. Akey filed a petition, making his spouse a non-debtor spouse. Ms. Harper-Wilson's is taking the position that 11USC1325(b)(4) means exactly what it says, that the martial deduction on Line 13 is precluded by the Section because it defines income as "the Debtor and the Debtor's spouse combined". She cites *In re Ariyaserbsiri*, No. 07-41348, 2008 WL 5191220(Bankr. E.D. Tex. Sept. 17, 2008) to add weight to her position. In that case the court found that 11USC1325(b)(4) should be read for its face value, standing alone. Therefore because of the plain language in the statute, you have to use both spouse's income for calculating the prescribed length of a Chapter 13 Plan.

The other cases that she cites, and every other case that I have been able to find have disagreed with her position. They have interpreted the above section in conjunction with 11USC101(10A). When read together the courts have found that the non-filing spouse's income, at least that part that is used for other than support of the household, can be deducted in Lines 13 and 19 in order to come up with the both the length of the Plan and the amount of the payments in the Plan. Almost all of the cases on this issue decided subsequently have cited *Ariyaserbsiri* case and specifically have disagreed with it, including *In Re Abisso*, 490 B.R. 464 (Bankr. D. Mass. 2013), what seems to be the latest case on that issue. The *Abisso* decision point out that the majority of cases decided on this issue have gone in the direction of allowing the deduction and followed suit.

Page 2

In fact, I read a case, *In Re Vollen*, 426 Br. 359 (Bankr. D. Kansas, March 19, 2010) which, if you only read the headnote seems to agree with the *Ariyaserbsiri* case. This is one of those times, though, a reading of the case brings you to a different conclusion. The court recognized that the marital deduction can be used on Line 13 and 19, but what it did, is look at each item that was used to come up with the marital deduction and disqualified some of those items. It specifically, at Page 375, allowed the payroll taxes taken from the non-filing spouse's pay to be deducted as a martial adjustment on Lines 13 and 19 of Form B-22-C.

To take Ms. Harper-Wilson's and Mr. Swimelar's position to its conclusion, it would mean that there are no reasons for Lines13 and 19 in the marital adjustment because all of the non-filing spouse's income has to be counted.

I thank you for your time and consideration in this matter.

Respectfully,

*[signature]*

A. Sheldon Gould, Esq.
ASG/rp
Cc: Lynn Harper-Wilson, Esq. Fax: 471-4811